United States District Court
Southern District of Indiana
Indianapolis Division

FILED
03/17/2023
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

De'Reco D. Hays,
Plaintiff,

Vs.

Ofc. Wittman, et al.,
Defendants.

Cause No. 1:23-cv-00496-TWP-MJD

Complaint - 42 U.S.C. 1983
29 U.S.C. 794a
Monell
&
Eighth Amendment
Claims

## Verified Complaint For Damages

Comes Now, the plaintiff, De'Reco D. Hays, #169878, pro se, pursuant to 42 U.S.C. 1983; 29 U.S.C. 794a; Monell v. Dept of Soc. Servs. of City of New York, 436 U.S. 658 (1978); and the Eighth Amend. of the U.S. Const., and respectfully files this pro se "Verified Complaint For Damages" ("Complaint"). Attached to and Incorporated by reference is the "Affidavit In Support Of Verified Complaint...", and Exhibits (Direct Evidence).

-1-

(Section-One. Introduction)

1. Plaintiff, DeRico D. Hays, is a prisoner confined to the Indiana Department of corrections (I.D.O.C.), and was confined/housed at the Branchville Correctional Facility during which the violations contained in this "complaint" occurred; plaintiff was being housed in a room that had no running water or toilet for weeks, and was supposed to be allowed to use the restroom once every hour for 15 minutes; plaintiff also has diabetes, which is a disability, and warrants plaintiff protections under the Rehabilitation Act (RA), plaintiff's Diabetes (when his blood sugar is high) causes plaintiff erratic and frequent urination; and the defendant told the plaintiff to "piss" on his-self, instead of just allowing plaintiff to use the restroom because the plaintiff had not used the restroom that hour; the defendant knew the plaintiff had diabetes because the plaintiff is escorted by staff to get his blood sugar checked and recieve insulin 3-times a day, the plaintiff ended up urinating on himself, and from the embarrassment of urinating on himself in front of a multitude of other prisoners the plaintiff lost control of his bowels and deficated on himself also, and defendant Wittman left the plaintiff like that for the next shift of officers; all in violation of 42 U.S.C. 1983; 29 U.S.C. 794 a; and the Eighth Amend. of the U.S. Const.

# (Section-Two. Jurisdiction & Venue)

1. The jurisdiction of this court is invoked pursuant to the U.S. Const., 28 U.S.C. 1334(3) and (4), and 28 U.S.C. 1331.
2. The Southern District of Indiana is an appropriate venue under 28 U.S.C. 1391(b)(2) because it is the district where the events giving rise to this claim occurred.
3. The Court has supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. 1367.

# (Section-Three. Parties)

1. Plaintiff, De'Reco D. Hays, #169878, D.O.B. 9-3-87, is incarcerated within the I.D.O.C., currently housed at the privatized Geo Inc. New Castle Annex (NCN-Tu), located at 1000 Van Nuys Road, New Castle, I.N. 47362.
2. Defendant, Ofc. Wittman, (Mrs. Wittman), was at all times relevant, the Ofc. on duty that was the instrument of the violations in this complaint, and an Ofc. at the Branchville Correctional Facility, located at 21390 Old State Road 37, Branchville, I.N. 47514. (Sued in individual capacity).
3. Defendant, Captain Simpson, was at all relevant times, the captain and supervisor of Ofc. Wittman, that told her, her actions were right, per policy and procedure, he is located at 21390 Old State Road 37, Branchville, I.N. 47514. (Sued in individual cap.)
4. Defendant _____, was at all relevant times, the _____ of the Branchville Correctional Facility, and is responsible for all practices and policies of B.C.F., and the supervision of staff at the facility, and is located at 21390 Old State Road 37, Branchville, I.N. 47514. (Sued in Individual & Official Capacity).

-3-

5. Defendant I.D.O.C. Branchville Correctional Facility is an organizational Institution that recieves federal funds and is required by the Rehabilitation Act to reasonably accomodate the disability-related-needs of it's prisoners, and is located at 21390 Old State Road 37, Branchville, I.N. 47514. (Sued in official capacity).

6. Defendant Overstrick was the medical professional (Nurse) contacted concerning plaintiff's symptoms/disability-related-needs, and allegedly did not inform defendant Wittman of erratic and frequent urination being a symptom of high-blood-sugar (diabetes), and is located at 21390 Old State Road 37, Branchville, I.N. 47514. (She is sued in her individual capacity).

7. Defendant Centurion is the contracted medical provider and private contracting corporation, at all relevent times, under contract with the I.D.O.C., performing the public service of providing health care to convicted criminals/prisoners confined to I.D.O.C. Branchville Correctional Facility, and is located at 21390 Old State Road 37, Branchville, I.N. 47514. (Sued in official capacity).

8. Each defendant acted under color of state law.

9. Plaintiff reserves the right to amend this section.

(Section-Four.
Causes Of Action w/ Supporting Facts)

1. Plaintiff De'Reco D. Hays was a prisoner at the Branchville Correctional Facility (B.C.F.) during which time this violation occurred on 3-22-22 at approximately 5:26 p.m.

2. Plaintiff was being housed in a classroom/recreation room, which had no running water or toilet. And was housed in this room for weeks, with atleast 3 other prisoners, and was supposed to be able to use the restroom once, every hour.

3. Plaintiff has "type-1: diabetes", which is a disability under the Rehabilitation Act, and it causes plaintiff symptoms, one of which is erratic and frequent urination, when plaintiff's blood sugar is high.

4. At 5:26 p.m. on 3-22-22 plaintiff informed ofc. Wittman of his diabetes and symptoms of erratic and frequent urination. Defendant Wittman told the plaintiff no, (even though he had not used the restroom that hour), telling the plaintiff that he would go when she offered or not at all, plaintiff stated he can't control when he has to urinate, nobody can, and plaintiff

5

is diabetic, which causes erratic and frequent urination, making it even harder for him, to control when he has to urinate, than the average person. The plaintiff pleaded with defendant Wittman to not let him urinate on himself in front of the other prisoners. Defendant Wittman told the plaintiff - "piss on yourself, I don't care, you should've went when I offered."

5. Defendant Wittman knew the plaintiff was diabetic, because he is escorted to recieve insulin 3-times a-day, by an officer. Defendant Wittman called plaintiff a liar after asking a nurse about plaintiff having papers that says he can go "constantly." By this time plaintiff urinated on himself, and from the embarassment of wetting himself in front of the other prisoners the plaintiff lost control of his bowels and deficated on himself. Plaintiff informed Wittman of this, and she told the plaintiff "Yeah, now sit in that shit," and left the plaintiff to sit in his feces and urine for 40 minutes, with no way to clean himself, because there was no running water or toilet in the room he was housed in.

6. Defendant Captain Simpson approved of this behavior and called plaintiff's grievance unfounded. Defendant Captain Simpson further stated - "I find that Ofc. Wittman followed policy and procedures".

7. So, these policies and procedures are what caused Ofc. Wittman to refuse to reasonably accomodate plaintiff's disability-related needs, and force the plaintiff to urinate and deficate on himself while locked in a room with atleast 3 other prisoners. And made to "sit in that shit" for 40 minutes.

-6-

8. The Nurse that defendant Wittman called about this, should have told Wittman that frequent and erratic urination was a symptom of high blood sugar in a diabetic, this nurse ("defendant Overstrick") alleged that this symptom was a lie, according to defendant Wittman. Plaintiff filed a grievance about this, on the date of the incident, which defendant Wittman refused to take.

9. Plaintiff had, a week before, filled out a Health Care Request about his symptoms about a week before this incident. Plaintiff was ignored by Centurion's employees until "after" this incident, (see Ex. 18), because Centurion has a practice of discouraging adequate care and continuity of care, to reduce the cost of care. Ofc. Bull will attest to the Health Care Request.

10. Plaintiff was transferred from B.C.F., to NCN-Tu on 4-1-22.

11. Please see Attached "Affidavit In Support Of Verified Complaint...", the Admin. Staff Member at NCN-Tu responsible for forwarding grievance process correspondence between B.C.F. and the plaintiff, (Admin. Staff Member-Nelson), did not get B.C.F.'s Grievance Response Report, (Ex. 5 & 11), to the plaintiff until almost a month after it was sent. (Please see Ex. 4 & 6), which was 5-13-22.

12. The Offender Grievance Response Report was due, on 4-18-22, from defendants.

13. B.C.F.'s Grievance Specialist Diane Pfeiffer, requested the Appeal to the Offender Grievance Response Report be done by plaintiff 4-18-22, but this was literally impossible because plaintiff didn't even see the response report until 5-12-22.

14. Plaintiff filed the Appeal anyway at the direction of Nelson (see Ex. 6).

15. Plaintiff has exhausted his Admin. Remedy concerning this suit. In between 4-13-22 and 5-11-22, the plaintiff wrote multiple Request For Interview form inquiring about the status of his grievance process/Admin. Remedy. (Please see Exhibits 4, 6, and 16).

-7-

## (Section-Five. Administrative Remedy)

1. Plaintiff has exhausted all available Administrative Remedies in relation to this complaint. (Please see Exhibits 1-16).

## (Section-Six. Legal Claims)

1. "Monell" claim against Captain Simpson, Warden, and I.D.O.C.-B.C.F. for maintaining policies and/or practices that (1) created unconstitutional conditions of confinement, and (2) failed to reasonably accomodate plaintiff's disability-related needs, in violation of the Eighth Amend. of the U.S. Const. and the Rehabilitation Act.

2. Eighth Amendment Unconstitutional Conditions of Confinement Claim against Wittman and Simpson.

3. "Monell" claim against Centurion for maintaining policies and/or practices that discourage adequate care and continuity of care to reduce the cost of care, in violation of the U.S. Constitution's Eighth Amend. prescription against Inadequate Medical Care.

4. Eighth Amend. Inadequate Medical Care Claim against Overstrick.

5. The Indiana State Law claim for Indemnification against Warden and Centurion are for any and all future awards and Judgments against the defendants, unless otherwise directed by a judicial officer of the court. The designation of these claims does not constitute an opinion regarding their merits.

6. Plaintiff reserves the right to Amend this section.

(Section-Seven - Previous Lawsuits)

1. Plaintiff has never filed suit in state or federal court based on the allegations stated here-in.

(Section-Eight - Request For Relief)

Wherefore, plaintiff De'Reco D. Hays, pro se, respectfully requests that this Honorable Court enter Judgement as follows:

A. Granting plaintiff compensatory damages to be paid, in joint and several against the defendants;
B. Granting plaintiff punitive damages to be paid severally against each defendant;
C. Plaintiff seeks a jury trial on all issues triable by jury;
D. Plaintiff also seeks recovery of his costs in this suit, and any other relief deemed just, proper, and equitable.

Respectfully submitted,

Sign- De'Reco Hays
De'Reco D. Hays, pro se, plaintiff
#169878, 01-101, NCN-TU
1000 Van Nuys Road, P.O. Box A
New Castle, I.N. 47362

-9-

## Verification

I, De'Reco D. Hays, do hereby verify and affirm under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on: 6-16-2022    Signature: De'Reco Hays